18-3522
*Rutty v. Krimko*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 14th day of January, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             RICHARD J. SULLIVAN,
                  *Circuit Judges.*
_____

ROBERT R. RUTTY,

                  *Plaintiff-Counter-Defendant-Appellant*,

          v.                                           18-3522

MELVIN R. KRIMKO, MARGOLIN & WEINREB LAW
GROUP, LLP, ALAN H. WEINREB,

                  *Defendants-Appellees,*

GUSTAVIA HOME, LLC, SUPREME POWER
HOMES,

                  *Defendants-Cross-Defendants-Appellees,*

SLF NEW YORK HOLDINGS, LLC,

                  *Defendant-Cross-Claimant-Counter-Claimant-Appellee.*[1]

---

[1] The Clerk's Office is directed to amend the caption as reflected above.

Appearing for Plaintiff-Counter-Defendant-Appellant: Robert R. Rutty, pro se, Wadsworth, IL.

Appearing for Defendant-Appellee: Janice J. DiGennaro, Cheryl F. Korman, Henry Michael Mascia, Rivkin Radler LLP, Uniondale, NY.

Appearing for Defendants-Appellees: Alan H. Weinreb, Alan Smikun, The Margolin & Weinreb Law Group, LLP, Syosset, NY.

Appearing for Defendant-Cross-Defendant-Appellee: Alan H. Weinreb, Alan Smikun, The Margolin & Weinreb Law Group, LLP, Syosset, NY.

Appearing for Defendant-Cross-Claimant-Counter-Claimant-Appellee: Keith S. Garret, Law Office of Keith S. Garret, P.C., Babylon, NY.

Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the matter be and it hereby is **AFFIRMED**.

Appellant Robert R. Rutty, pro se, appeals from the October 16, 2018 judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*) granting defendants' motion to dismiss his claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681; and several state laws. In essence, Rutty alleges that Gustavia Home, LLC and its lawyers (Margolin & Weinreb Law Group, LLP and Alan H. Weinreb, individually) wrongly foreclosed on Rutty's property in a separate federal action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the dismissal of a complaint pursuant to Rule 12(b)(6). *Chambers v. Time Warner*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The district court properly dismissed Rutty's FDCPA claims. The FDCPA authorizes private lawsuits against "debt collectors" who engage in "abusive debt collection practices." 15 U.S.C. § 1692(e); *see also Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1720–21 (2017) (discussing purpose of FDCPA). Debt collectors are defined as "any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be

owed or due another." 15 U.S.C. § 1692a(6). Thus, creditors—entities that "purchase a debt and then try to collect it"—are not debt collectors within the meaning of the statute because they seek to collect a debt that they own. *Henson*, 137 S. Ct. at 1720–24.

Here, Gustavia sought to foreclose on the property based on the mortgage note, so the district court was correct that it is not a debt collector under the statute.

The district court also appropriately concluded that Rutty failed to state a claim under the FDCPA against the attorney defendants. Attorneys who regularly attempt to collect consumer debts through litigation are included in the FDCPA's definition of a debt collector. *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995); *see also Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 62–63 (2d Cir. 2004) (holding that whether an attorney regularly engages in debt collection is a case-by-case inquiry and outlining several factors to consider in that inquiry). However, the only factual allegation Rutty raised against the attorney defendants was that they filed false documents in the foreclosure action against Rutty; he did not allege any facts showing that they *regularly* engaged in debt collecting activities, despite having several opportunities to amend his complaint. Rutty therefore failed to allege that the attorney defendants were debt collectors subject to the FDCPA.

Having properly dismissed Rutty's federal claims under Rule 12(b)(6), the district court could hear Rutty's remaining state law claims only if it had diversity jurisdiction under 28 U.S.C. § 1332 or if it exercised supplemental jurisdiction under 28 U.S.C. § 1367. Under Section 1332, federal courts have subject matter jurisdiction to hear cases between diverse parties where the amount in controversy exceeds $75,000. Section 1332 requires "complete diversity," meaning that "all plaintiffs must be citizens of states diverse from those of all defendants." *Pa. Pub. Sch. Emps.' Retirement Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014). The party asserting jurisdiction has the burden of proof. *Id.* Here, Rutty never alleged the citizenship of the partnership and LLC defendants and therefore failed to meet his burden. On appeal, Rutty does not argue that the parties were diverse; instead, he argues that the district court's holding contradicts its exercise of jurisdiction in the foreclosure case. That argument fails because the foreclosure case did not involve the same parties.

Finally, the district court did not err in declining to exercise supplemental jurisdiction over the remaining state law claims. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[a] district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." (internal quotation marks and citation omitted)).

We have considered the remainder of Rutty's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3